NATIONAL TRADE EXTENSION CO., INC., *vs.* VINCENT ALIENELLO.

JUNE 8, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This is an action of assumpsit in which the trial justice directed the jury to return a verdict for the plaintiff. The case is before this court on defendant's exception to this ruling.

February 26, 1929, defendant ordered plaintiff to ship certain merchandise and printed matter and to send a man to help arrange for a display and sale of the merchandise. Defendant agreed to pay $365 for the merchandise and service. Plaintiff accepted the order in New York City and shipped the merchandise by express March 6 to the defendant in Providence. March 8 defendant sent plaintiff a telegram cancelling the order, and stopped payment on a check. March 8 defendant was notified by letter from plaintiff that it would not cancel the order. March 11 plaintiff's representative called at defendant's store to instruct him regarding the sale of the merchandise and defendant refused to

accept the tendered services. March 11 the express company notified plaintiff that defendant had refused to accept the merchandise.

When defendant ordered the merchandise he signed a check and four trade acceptances amounting to $310. He also agreed to pay plaintiff's representative $55 on March 11 when he came to help arrange for the sale of the merchandise.

Defendant contends that plaintiff must sue for damages for breach of contract and not to recover the contract price. This contention cannot be sustained as the contract was executed by plaintiff before it received notice of defendant's cancellation of the order. Defendant cites *Old Kentucky Distributing Corp.* v. *Morin,* 50 R. I. 163. This case is not in point as it was an action upon an executory contract.

The uncontradicted evidence is that plaintiff delivered the merchandise to the carrier March 6 and defendant did not attempt to cancel his order until March 8. The general rule is that delivery of the goods to a carrier for the purpose of transmission to the buyer is deemed to be a delivery of the goods to the buyer. § 4472, G. L. 1923. The property in the goods thus being in the buyer, the seller may maintain an action to recover the contract price even though the buyer refuses to accept the goods. § 4489, G. L. 1923. *Katz* v. *Delohery Hat Co.,* (Conn.) 118 Atl. 88.

Defendant also claims that if plaintiff accepted a return of the goods it cannot recover the contract price for them. There is no evidence to support this claim. Defendant introduced no evidence tending to show that after he refused to accept the goods from the carrier plaintiff received them. In this state of the proof defendant was still the owner of the goods.

Defendant's exception is overruled. The case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Charles Z. Alexander,* for plaintiff.

*Uldrich Pettine,* for defendant.